Filing # 68696520 E-Filed 03/02/2018 09:55:20 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

BRUCE POWERS

    Plaintiff,

vs.

CITY OF MIAMI a municipal corporation,

    Defendant(s)

_____/

GENERAL JURISDICTION DIVISION

CASE NO.:

## COMPLAINT

**COMES NOW** Plaintiff, BRUCE POWERS ("Powers"), by and through his undersigned counsel and files this Complaint and sues the above named Defendant CITY OF MIAMI, a municipal corporation, and alleges:

1. This is an action for damages in excess of $15,000.00 exclusive of interest, costs and attorneys' fees.

2. At all times material POWERS was a resident of Miami-Dade County, Florida and otherwise *sui juris*.

3. At all times material, Officers Macias and Hernandez were over 18 years of age, employed by the City of Miami Police Department, acting within the course and scope of their employment, residents of Miami Dade County, Florida, and otherwise *sui juris*.

4. Defendant, CITY OF MIAMI is a political subdivision of the State of Florida and purportedly acts for protection of its citizens and enforcement of its laws, the law of the State of Florida as a police department.

5. On or about April 21, 2016, POWERS resided on a vessel moored near the Miami Yacht Club.

EXHIBIT A

6. On or about that same date, POWERS was driving around the Miami Yacht Club, which is at or near the Miami Marine Patrol office parking lot, a public place, when he was assaulted and battered by Officer Macias without justification.

7. POWERS was driving by Officer Macias, when Officer Macias, while looking at repairs to his own (personal) boat, who saw POWERS slowing his vehicle and came to a stop next to the police department and yelled, "yes that's my boat" and then yelled you don't have the b$##s to confront me and go behind my back because people at the yacht club had complained about Macias's boat".

8. This dialogue occurred while Powers was in his vehicle and Macias was trying to bait powers out of his truck. When Powers did not exit his vehicle, Macias spit at him through the open window.

9. Officer Macias reached inside POWERS's vehicle to "stop him from driving away". There was no probable cause for this stop and none is cited in the arrest form.

10. After POWERS drove away, Officer Macias pursued POWERS to arrest him, presumably on the basis that yelling obscene words at a police officer is apparently a crime that requires a police officer to pursue a citizen and effectuate an arrest.

11. Officer Macias thereafter advised Officer Hernandez that POWERS was yelling obscene words from within his vehicle, resulting in a brutal take-down of POWERS immediately outside the Miami Yacht Club, where POWERS is a member.

12. The entire encounter was captured on videotape.

13. Curiously, the videotape of the parties' encounter contradicts the sworn arrest affidavit (containing hearsay upon hearsay) that is based on what Officer Macias "told" Officer Hernandez.

14. Since on or about 2002, Officer Hernandez and the City of Miami knew or should

have known that Officer Macias was voluntarily willing to falsify information and had a reputation for being dishonest, having been indicted by the FBI for, essentially, lying under oath.

15. Nonetheless, with a criminal indictment under his belt and a litany of Internal Affair investigations, the CITY OF MIAMI kept Officer Macias on its payroll as a sworn police officer.

16. On the above-mentioned date and time, Officer Macias appeared at the scene, and POWERS, who was minding his own business, was attacked by an unprovoked officer, who was apparently enraged over some other event.

17. Officer Macias failed to investigate and/or look at evidence (including the videotape of the encounter) and then provided misleading and false statements later in connection with and in furtherance of the arrest of POWERS.

18. Relying on patently false statements and misdirection of officer Macias, the hearsay on which Officer Hernandez relied, the State Attorney initiated prosecution against POWERS.

19. On or about April 21, 2016, without reasonable or probable cause and with the yet undetermined intent, Officer Macias then and there imprisoned and arrested POWERS and deprived him of his liberty.

20. The matter was initiated as a felony, which was "no actioned", and then upon closer investigation and review the matter was bound down to a misdemeanor, but ultimately resulted in a *Nolle Pros*.

21. The foregoing is an unfortunately common practice to eliminate cases by the State Attorney when there is a less than credible witness and the arrest is unsupported by the facts that are adduced.

22. Officer Macias had a long and tortured history of problems while acting as an

officer within the CITY OF MIAMI and is no longer employed as a police officer with the City.

23. POWERS fully complied with the provisions of the State of Florida Statute §768.28 with regard to Defendant.

24. All conditions precedent to bringing this law suit have been completed, including Notice pursuant to Florida Statute §768.28.

25. Powers drove away to the front door of the Yacht Club looking for assistance and and then Macias took Powers down and arrested him.

## COUNT I
## FALSE ARREST

26. POWERS readopts and re-alleges paragraphs 1 through and including 25 as though set forth fully herein and further alleges as follows:

27. At all times material Officers Macias and Hernandez were appointed police officers with the CITY OF MIAMI.

28. On April 21, 2016, POWERS was unjustly subjected to the actions mentioned above, was subsequently arrested, and taken to jail.

29. On April 21, 2016, without reasonable or probable cause and in an oppressive manner, Officer Macias arrested POWERS and deprived him of his liberty. To accomplish this arrest and subsequent deprivation of rights, Officer Macias needed to create a false story as a basis for POWERS' arrest. The arrest affidavit is premised entirely upon hearsay and was sworn to by Officer Hernandez, who had no reason to lie when he wrote that the events were recounted "according to Detective Macias...".

30. All the charges against POWERS were "*Nolle Pros*" by the Miami-Dade State Attorney's Office.

31. As a direct and proximate result of POWERS' wrongful arrest and imprisonment

by Officer Macias, who was acting on behalf of and within the course and scope of his employment with the CITY OF MIAMI, POWERS suffered physical injury, anguish, public humility, embarrassment and related expenses for medical treatment and legal cost in defending the criminal action wrongfully commenced by the CITY OF MIAMI'S actions, misconduct and malfeasance.

**WHEREFORE**, Plaintiff, BRUCE POWERS, demands the entry of judgment in his favor and against Defendant, CITY OF MIAMI, for damages, costs, and such other and further relief as the Court deems just and proper.

## COUNT II
## BATTERY

32. POWERS readopts and re-alleges paragraphs 1 through and including 25 as though set forth fully herein and further alleges as follows:

33. On or about April 21, 2016, Officer Macias did intentionally and unlawfully inflict corporal injury upon POWERS by force and exertion of force directed to POWERS and also inflicted a reasonable fear of imminent peril upon POWERS.

34. There can be no question about Officer Macias having battered POWERS as a result of the video images of the encounter(s).

35. As a direct and proximate result of the actions of Officer Macias, POWERS suffered physical injuries, mental anguish, public humility, embarrassment and related expenses for medical treatment.

**WHEREFORE** Plaintiff, BRUCE POWERS, demands the entry of judgment in his favor and against Defendant, CITY OF MIAMI, for damages, costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### NEGLIGENT RETENTION

36. POWERS readopts and re-alleges paragraphs 1 through and including 25 as though set forth fully herein and further alleges as follows:

37. At all times material, Officer Macias was under the direction, supervision and control of the Defendant, CITY OF MIAMI and was otherwise their agent.

38. At all times material, the Defendant, CITY OF MIAMI, negligently retained its employee Officer Macias.

39. During the course of employment, the employer became aware of or should have become aware of problems with Officer Macias as an employee that indicated his unfitness and failed to take further appropriate action.

40. Defendant knew that Officer Macias was predisposed to committing a wrong and in particular falsifying police reports and/or lying under oath.

41. After Officer Macias' federal indictment Defendant had a duty to limit or terminate Officer Macias' interaction with the public with whom he was in charged to serve and protect analogous to allowing the fox to guard the henhouse.

42. Defendant had a duty to remove or suspend Officer Macias after his indictment and instead placed back on active duty where he was a threat to others such as Plaintiff.

43. Defendant breached that duty by placing Officer Macias in a position wherein he could and would continue making false statements and or arrests.

WHEREFORE, Plaintiff demands judgment for damages against Defendant.

## COUNT IV
### MALICIOUS PROSECUTION

44. POWERS readopts and re-alleges paragraphs 1 through and including 25 as though set forth fully herein and further alleges as follows:

FORREST SYGMAN, PA, Citibank Building, 7300 N. Kendall Drive, Suite 450, Miami, FL 33156
PH: (305) 661.8955; FX: (305) 830.9098

45. Defendant instituted the criminal charges without any probable cause.

46. Defendant procured the prosecution of the Plaintiff maliciously and with the intent of injuring plaintiff.

47. As a result, Plaintiff paid or incurred expenses for his defense, cost of the bond, suffered mental anguish, humiliation personally and suffered loss of earnings and loss of ability to earn money in Plaintiff's business.

**WHEREFORE**, Plaintiff demands judgment for damages.

### DEMAND FOR JURY TRIAL

Plaintiff, BRUCE POWERS, demands a trial by jury of all issues so triable.

Date: 3/2/2018

FORREST SYGMAN, PA
CitiBank Building
Suite 450
7300 N. Kendall Dr.
Miami, Florida 33156
Telephone: (305) 661-8955
EM: forrest@sygmanlaw.com
EM: dana@sygmanlaw.com

By: _____
Forrest Sygman, Esqurie
Florida Bar Number: 748020
Dana Sasieta, Esquire
Florida Bar Number: 112467