Filing # 68096520 E-Filed 03/02/2018 09:55:20 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>BRUCE POWERS</u>
 Plaintiff
              vs.
<u>CITY OF MIAMI A MUNICIPAL CORPORATION</u>
Defendant

---

**II.      TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 – 50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Non-homestead residential foreclosure $0 - $50,000
    ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical
    ☐ Malpractice – other professional
☒ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☒ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☐ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

EXHIBIT C

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☐ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

4

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Forrest Sygman         FL Bar No.: 748020
        Attorney or party                                    (Bar number, if attorney)

        Forrest Sygman         03/02/2018
        (Type or print name)                                Date

Filing # 69108852 E-Filed 03/12/2018 11:19:00 AM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL   ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2018-0006588 CA 01 |
|---|---|---|
| **PLAINTIFF(S)**<br><br>BRUCE POWERS | **VS. DEFENDANT(S)**<br><br>CITY OF MIAMI, a municipal<br>corporation, | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:
YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on

defendant(s): CITY OF MIAMI, a municipal corporation

By Serving Mayor Francis Suarez
3500 Pan American Drive
Miami, FL 33128

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: FORREST SYGMAN, PA

whose address is: 7300 NORTH KENDALL DRIVE, SUITE 450
MIAMI, FL 33156

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| **HARVEY RUVIN**<br>**CLERK of COURTS** | *Gonelle Brown*  164659<br><br>DEPUTY CLERK | 3/14/2018 |

## AMERICANS WITH DISABILITIES
## ACT OF 1990 ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 02/16                                                           Clerk's web address: www.miami-dadeclerk.com

Filing # 68696520 E-Filed 03/02/2018 09:55:20 AM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

BRUCE POWERS                                    GENERAL JURISDICTION DIVISION

      Plaintiff,                              CASE NO.:

vs.

CITY OF MIAMI a municipal corporation,

      Defendant(s)
_____/

## COMPLAINT

**COMES NOW** Plaintiff, BRUCE POWERS ("Powers"), by and through his undersigned

counsel and files this Complaint and sues the above named Defendant CITY OF MIAMI, a

municipal corporation, and alleges:

    1.    This is an action for damages in excess of $15,000.00 exclusive of interest, costs

and attorneys' fees.

    2.    At all times material POWERS was a resident of Miami-Dade County, Florida

and otherwise *sui juris.*

    3.    At all times material, Officers Macias and Hernandez were over 18 years of age,

employed by the City of Miami Police Department, acting within the course and scope of their

employment, residents of Miami Dade County, Florida, and otherwise *sui juris.*

    4.    Defendant, CITY OF MIAMI is a political subdivision of the State of Florida and

purportedly acts for protection of its citizens and enforcement of its laws, the law of the State of

Florida as a police department.

    5.    On or about April 21, 2016, POWERS resided on a vessel moored near the Miami

Yacht Club.

6.      On or about that same date, POWERS was driving around the Miami Yacht Club, which is at or near the Miami Marine Patrol office parking lot, a public place, when he was assaulted and battered by Officer Macias without justification.

7.      POWERS was driving by Officer Macias, when Officer Macias, while looking at repairs to his own (personal) boat, who saw POWERS slowing his vehicle and came to a stop next to the police department and yelled, "yes that's my boat" and then yelled you don't have the b$##s to confront me and go behind my back because people at the yacht club had complained about Macias's boat".

8.      This dialogue occurred while Powers was in his vehicle and Macias was trying to bait powers out of his truck. When Powers did not exit his vehicle, Macias spit at him through the open window.

9.      Officer Macias reached inside POWERS's vehicle to "stop him from driving away". There was no probable cause for this stop and none is cited in the arrest form.

10.     After POWERS drove away, Officer Macias pursued POWERS to arrest him, presumably on the basis that yelling obscene words at a police officer is apparently a crime that requires a police officer to pursue a citizen and effectuate an arrest.

11.     Officer Macias thereafter advised Officer Hernandez that POWERS was yelling obscene words from within his vehicle, resulting in a brutal take-down of POWERS immediately outside the Miami Yacht Club, where POWERS is a member.

12.     The entire encounter was captured on videotape.

13.     Curiously, the videotape of the parties' encounter contradicts the sworn arrest affidavit (containing hearsay upon hearsay) that is based on what Officer Macias "told" Officer Hernandez.

14.     Since on or about 2002, Officer Hernandez and the City of Miami knew or should

have known that Officer Macias was voluntarily willing to falsify information and had a reputation for being dishonest, having been indicted by the FBI for, essentially, lying under oath.

15.     Nonetheless, with a criminal indictment under his belt and a litany of Internal Affair investigations, the CITY OF MIAMI kept Officer Macias on its payroll as a sworn police officer.

16.     On the above-mentioned date and time, Officer Macias appeared at the scene, and POWERS, who was minding his own business, was attacked by an unprovoked officer, who was apparently enraged over some other event.

17.     Officer Macias failed to investigate and/or look at evidence (including the videotape of the encounter) and then provided misleading and false statements later in connection with and in furtherance of the arrest of POWERS.

18.     Relying on patently false statements and misdirection of officer Macias, the hearsay on which Officer Hernandez relied, the State Attorney initiated prosecution against POWERS.

19.     On or about April 21, 2016, without reasonable or probable cause and with the yet undetermined intent, Officer Macias then and there imprisoned and arrested POWERS and deprived him of his liberty.

20.     The matter was initiated as a felony, which was "no actioned", and then upon closer investigation and review the matter was bound down to a misdemeanor, but ultimately resulted in a *Nolle Pros.*

21.     The foregoing is an unfortunately common practice to eliminate cases by the State Attorney when there is a less than credible witness and the arrest is unsupported by the facts that are adduced.

22.     Officer Macias had a long and tortured history of problems while acting as an

officer within the CITY OF MIAMI and is no longer employed as a police officer with the City.

23.    POWERS fully complied with the provisions of the State of Florida Statute §768.28 with regard to Defendant.

24.    All conditions precedent to bringing this law suit have been completed, including Notice pursuant to Florida Statute §768.28.

25.    Powers drove away to the front door of the Yacht Club looking for assistance and and then Macias took Powers down and arrested him.

## COUNT I
## FALSE ARREST

26.    POWERS readopts and re-alleges paragraphs 1 through and including 25 as though set forth fully herein and further alleges as follows:

27.    At all times material Officers Macias and Hernandez were appointed police officers with the CITY OF MIAMI.

28.    On April 21, 2016, POWERS was unjustly subjected to the actions mentioned above, was subsequently arrested, and taken to jail.

29.    On April 21, 2016, without reasonable or probable cause and in an oppressive manner, Officer Macias arrested POWERS and deprived him of his liberty. To accomplish this arrest and subsequent deprivation of rights, Officer Macias needed to create a false story as a basis for POWERS' arrest. The arrest affidavit is premised entirely upon hearsay and was sworn to by Officer Hernandez, who had no reason to lie when he wrote that the events were recounted "according to Detective Macias…".

30.    All the charges against POWERS were "*Nolle Pros*" by the Miami-Dade State Attorney's Office.

31.    As a direct and proximate result of POWERS' wrongful arrest and imprisonment

by Officer Macias, who was acting on behalf of and within the course and scope of his employment with the CITY OF MIAMI, POWERS suffered physical injury, anguish, public humility, embarrassment and related expenses for medical treatment and legal cost in defending the criminal action wrongfully commenced by the CITY OF MIAMI'S actions, misconduct and malfeasance.

WHEREFORE, Plaintiff, BRUCE POWERS, demands the entry of judgment in his favor and against Defendant, CITY OF MIAMI, for damages, costs, and such other and further relief as the Court deems just and proper.

## COUNT II
## BATTERY

32.     POWERS readopts and re-alleges paragraphs 1 through and including 25 as though set forth fully herein and further alleges as follows:

33.     On or about April 21, 2016, Officer Macias did intentionally and unlawfully inflict corporal injury upon POWERS by force and exertion of force directed to POWERS and also inflicted a reasonable fear of imminent peril upon POWERS.

34.     There can be no question about Officer Macias having battered POWERS as a result of the video images of the encounter(s).

35.     As a direct and proximate result of the actions of Officer Macias, POWERS suffered physical injuries, mental anguish, public humility, embarrassment and related expenses for medical treatment.

WHEREFORE Plaintiff, BRUCE POWERS, demands the entry of judgment in his favor and against Defendant, CITY OF MIAMI, for damages, costs, and such other and further relief as the Court deems just and proper.

## COUNT III
## NEGLIGENT RETENTION

36.     POWERS readopts and re-alleges paragraphs 1 through and including 25 as though set forth fully herein and further alleges as follows:

37.     At all times material, Officer Macias was under the direction, supervision and control of the Defendant, CITY OF MIAMI and was otherwise their agent.

38.     At all times material, the Defendant, CITY OF MIAMI, negligently retained its employee Officer Macias.

39.     During the course of employment, the employer became aware of or should have become aware of problems with Officer Macias as an employee that indicated his unfitness and failed to take further appropriate action.

40.     Defendant knew that Officer Macias was predisposed to committing a wrong and in particular falsifying police reports and/or lying under oath.

41.     After Officer Macias' federal indictment Defendant had a duty to limit or terminate Officer Macias' interaction with the public with whom he was in charged to serve and protect analogous to allowing the fox to guard the henhouse.

42.     Defendant had a duty to remove or suspend Officer Macias after his indictment and instead placed back on active duty where he was a threat to others such as Plaintiff.

43.     Defendant breached that duty by placing Officer Macias in a position wherein he could and would continue making false statements and or arrests.

WHEREFORE, Plaintiff demands judgment for damages against Defendant.

## COUNT IV
## MALICIOUS PROSECUTION

44.     POWERS readopts and re-alleges paragraphs 1 through and including 25 as though set forth fully herein and further alleges as follows:

45.     Defendant instituted the criminal charges without any probable cause.

46.     Defendant procured the prosecution of the Plaintiff maliciously and with the intent of injuring plaintiff.

47.     As a result, Plaintiff paid or incurred expenses for his defense, cost of the bond, suffered mental anguish, humiliation personally and suffered loss of earnings and loss of ability to earn money in Plaintiff's business.

**WHEREFORE**, Plaintiff demands judgment for damages.

### DEMAND FOR JURY TRIAL

Plaintiff, BRUCE POWERS, demands a trial by jury of all issues so triable.

Date: 3/2/2018

**FORREST SYGMAN, PA**
CitiBank Building
Suite 450
7300 N. Kendall Dr.
Miami, Florida 33156
Telephone: (305) 661-8955
EM: forrest@sygmanlaw.com
EM: dana@sygmanlaw.com

By: _____
Forrest Sygman, Esqurie
Florida Bar Number: 748020
Dana Sasieta, Esquire
Florida Bar Number: 112467

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND OR
MIAMI-DADE COUNTY, FLORIDA

BRUCE POWERS

General Jurisdiction Division
Case No.: 2018-0006588 CA 01

Plaintiff(s),

**RETURN OF SERVICE**

-vs.-

CITY OF MIAMI, a municipal corporation,

_____Defendant._____/

I received this process on 3/14/2018 at 2:40 pm to be served on CITY OF MIAMI, a municipal corporation at 3500 Pan American Drive, Miami, FL 33128.

I John Davis, do hereby affirm and certify that on 4/17/2018 at 12:19 pm, I served a GOVERNMENT AGENCY, by delivering a true copy of the SUMMONS and COMPLAINT with the date and hour of service endorsed thereon by me to ALEJANDRO SERVALLI, aide and an authorized employee to accept service of process, at the address of 3500 Pan American Drive, Miami, FL 33128, and informed said person of the contents therein, in compliance with Florida Statute 48.111.

Description of the person served: Male; Hispanic; 25; 5'8"; 160 lbs.; Brown Hair; No Glasses.

I Acknowledge that I am over the age of 18 years, in good standing in the judicial circuit in which this process was served, and that I have no interest in the above action. Under penalty of perjury, I declare that I have read the foregoing Return of Service and the acts stated in are true. F.S. 92.525(2).

John Davis
Certified Process Server, # 1635
1800 Coral Way, #611
Miami, FL 33145

☒IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒CIVIL ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2018-0006588 CA 01 |
|---|---|---|
| **PLAINTIFF(S)**<br><br>BRUCE POWERS | **VS. DEFENDANT(S)**<br><br>CITY OF MIAMI, a municipal<br>corporation, | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:
**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): CITY OF MIAMI, a municipal corporation

    By Serving Mayor Francis Suarez
    3500 Pan American Drive
    Miami, FL 33128

*(handwritten: ALEJANDRO SERVAII AI 4/17/17 12:19P — CLOCK IN)*

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: FORREST SYGMAN, PA

whose address is: 7300 NORTH KENDALL DRIVE, SUITE 450
    MIAMI, FL 33156

within 20 days ' **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or
one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When
suit is brought pursuant to, 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that
defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service
on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief
demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | *Conelle Brown* 164659<br><br>DEPUTY CLERK | DATE<br><br>3/14/2018 |
|---|---|---|

## AMERICANS WITH DISABILITIES

## ACT OF 1990 ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate
in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.
Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702, Miami, FL 33128, Telephone
(305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than 7 days; if you are hearing or voice impaired,
call 711."**

CLK/CT. 314 Rev. 02/16                                       Clerk's web address: www.miami-dadeclerk.com

IN THE COUNTY COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BRUCE POWERS,                                    CASE NO.: 2018-006588 CA 01

      Plaintiff,

vs.

CITY OF MIAMI,
a municipal corporation,

      Defendant.                                    /

## MOTION AND ORDER FOR DEFAULT

    COMES NOW the Plaintiff, Bruce Powers, by and through his undersigned counsel, and moves for entry of a default by the Clerk against the Defendant, CITY OF MIAMI, for failure to serve any paper on the undersigned or file any paper as required by law.

Dated: 5/9/2018                                  **FORREST SYGMAN, P.A.**
                                                 Citi Bank Building, Suite 450
                                                 7300 N. Kendall Drive
                                                 Miami, Florida 33156
                                                 Telephone: (305) 661-8955

                             By: _____
                                                 FORREST SYGMAN, ESQ.
                                                 Florida Bar Number: 748020
                                                 E-mail: forrest@sygmanlaw.com

## ORDER ON DEFAULT

    A default is entered in this action against the Defendant, CITY OF MIAMI, named in the foregoing motion for failure to serve or file any paper as required by law.

        **DATED** on _____, 2018.

                        HARVEY RUVIN
                                                 As Clerk of the Court

                        By:_____
                                                         As Deputy Clerk

Filing # 71885479 E-Filed 05/09/2018 11:41:47 AM

IN THE COUNTY COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BRUCE POWERS,                                  CASE NO.: 2018-006588 CA 01

    Plaintiff,

vs.

CITY OF MIAMI,
a municipal corporation,

    Defendant.       /
_____/

### MOTION AND ORDER FOR DEFAULT

    COMES NOW the Plaintiff, Bruce Powers, by and through his undersigned counsel,
and moves for entry of a default by the Clerk against the Defendant, CITY OF MIAMI, for
failure to serve any paper on the undersigned or file any paper as required by law.

Dated: 5/9/2018

**FORREST SYGMAN, P.A.**
Citi Bank Building, Suite 450
7300 N. Kendall Drive
Miami, Florida 33156
Telephone: (305) 661-8955

By: _____

FORREST SYGMAN, ESQ.
Florida Bar Number: 748020
E-mail: forrest@sygmanlaw.com

### ORDER ON DEFAULT

    A default is entered in this action against the Defendant, CITY OF MIAMI, named
in the foregoing motion for failure to serve or file any paper as required by law.

DATED on _____ MAY 2 1 2018 _____, 2018.

HARVEY RUVIN
As Clerk of the Court

By: _____
As Deputy Clerk

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 18-006588 CA 01 (13)

BRUCE POWERS,

        Plaintiff,

vs.

CITY OF MIAMI,

        Defendant.

_____/

## CITY OF MIAMI'S NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

**PLEASE TAKE NOTICE** that the undersigned hereby appears as counsel of record for the Defendant, CITY OF MIAMI. All parties are hereby requested to direct all correspondence and pleadings regarding the above-styled cause to the e-mail addresses indicated below.

Pursuant to Rule 2.516, Fla. R. Jud. Admin., undersigned counsel hereby designates his primary and secondary e-mail addresses for purposes of e-mail service as follows:

**Primary E-Mail:** daharrison@miamigov.com
**Secondary E-Mail:** jjgreen@miamigov.com
**Secondary E-Mail:** aidagarcia@miamigov.com

        VICTORIA MÉNDEZ, City Attorney
        DOUGLAS A. HARRISON, Assistant City Attorney
        Attorneys for City of Miami
        444 S.W. 2nd Avenue, Suite 945
        Miami, FL 33130-1910
        Tel.: (305) 416-1800
        Fax: (305) 416-1801
        E-Mail: daharrison@miamigov.com

By:    */s / Douglas A. Harrison*_____
Douglas A. Harrison, Assistant City Attorney
Florida Bar No. 75566

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to those individuals

on the attached Service List by e-mail generated by My Florida Courts E-Filing Portal this 30th

day of May 2018.

By:    */s / Douglas A. Harrison*_____
Douglas A. Harrison, Assistant City Attorney

**SERVICE LIST**

Forrest Sygman, Esq.
Dana Sasieta, Esq.
Forrest Sygman, P.A.
Citibank uilding, Suite 450
7300 North Kendall Drive
Miami, Florida 33156
forrest@sygmanlaw.com
Attorney for Bruce Powers

975080

Filing # 72839788 E-Filed 05/30/2018 08:27:22 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 18-006588 CA 01 (13)

BRUCE POWERS,

      Plaintiff,

vs.

CITY OF MIAMI,

      Defendant.

_____/

**DEFENDANT, CITY OF MIAMI'S UNOPPOSED MOTION TO VACATE
PLAINTIFF'S ORDER FOR DEFAULT**

COMES NOW, Defendant, CITY OF MIAMI ("CITY"), pursuant to Florida Rule of Civil
Procedure 1.540, by and through undersigned counsel, hereby files this Unopposed Motion to
Vacate Plaintiff's Order for Default and as grounds, states:

1.      On March 14, 2018, Plaintiff BRUCE POWERS ("Plaintiff") filed his Complaint
seeking damages arising from alleged civil rights violations and torts.

2.      Defendant CITY was served with a copy of the Summons and Complaint on April
17, 2018.

3.      Florida Statute §768.28(7) affords a government entity defendant thirty (30) days
to file its response to a complaint.

4.      Plaintiff filed his Motion for Default on May 9, 2018.

5.      CITY'S response to Plaintiff's Complaint was due on owing on Thursday, May 17,
2018.

6.      Unfortunately, due to illness of the undersigned, the instant matter was not timely

CASE NO.: 18-006588 CA 01 (13)

answered as the undersigned was out of the office until return today.

7.    On return to the office today, the undersigned learned that an Order of Default was entered on May 21, 2018.

8.    The undersigned immediately filed a notice of appearance and contacted Plaintiff's counsel and requested his assistance in vacating the default, which was given with ten (10) days to respond to Plaintiff's Complaint.

9.    Undersigned counsel has acted diligently in bringing this motion to vacate the default in a timely manner and in good faith.

10.    Finally, as Plaintiff has agreed to the vacating of the entered default, CITY will be transmitting an Agreed Order Vacating Plaintiff's Order for Default entered on May 21, 2018 and Plaintiff requests that the Court enter same providing for CITY to file its response to Plaintiff's Complaint within ten (10) days.

WHEREFORE, Defendant, CITY OF MIAMI, moves this Honorable Court for entry of the Agreed Order Vacating Plaintiff's Order for Default entered in favor of Plaintiff in this matter on May 21, 2018.

> VICTORIA MÉNDEZ, City Attorney
> DOUGLAS A. HARRISON, Assistant City Attorney
> Attorneys for City of Miami
> 444 S.W. 2nd Avenue, Suite 945
> Miami, FL  33130-1910
> Tel.: (305) 416-1800
> Fax: (305) 416-1801
> E-Mail: daharrison@miamigov.com

> By:    _/s / Douglas A. Harrison_____
> Douglas A. Harrison, Assistant City Attorney
> Florida Bar No. 75566

975471

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to those individuals

on the attached Service List by e-mail generated by My Florida Courts E-Filing Portal this 30th

day of May 2018.

By:    */s / Douglas A. Harrison*
               Douglas A. Harrison, Assistant City Attorney

## SERVICE LIST

Forrest Sygman, Esq.
Dana Sasieta, Esq.
Forrest Sygman, P.A.
Citibank uilding, Suite 450
7300 North Kendall Drive
Miami, Florida 33156
forrest@sygmanlaw.com
Attorney for Bruce Powers

975471

IN THE COUNTY COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BRUCE POWERS,

CASE: 2018-006588-CA-01 (13)

  Plaintiff,

vs.

CITY OF MIAMI,

  Defendant.

_____/

## AGREED ORDER VACATING PLAINTIFF'S ORDER FOR DEFAULT

THIS MATTER having come before the Court upon the parties Agreed Order Vacating Plaintiff's Order for Default entered on May 21st, 2018, and the Court having reviewed the file, the docket sheet and the Agreed Order it is hereby;

ORDERED and ADJUDGED:

1. The Order on the Motion for Default entered May 21, 2018 is hereby vacated.

2. Defendant has 10 days from the date of this order to file their responses to Plaintiff's Complaint.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 06/09/18.

THOMAS J. REBULL
CIRCUIT JUDGE

> **No Further Judicial Action Required on THIS MOTION**
> **CLERK TO RECLOSE CASE IF POST JUDGMENT**

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall

IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 18-006588 CA 01 (13)

BRUCE POWERS,

      Plaintiff,

vs.

CITY OF MIAMI,

      Defendant.

_____/

## **DEFENDANT, CITY OF MIAMI'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, CITY OF MIAMI ("CITY"), a Florida municipal corporation, by and its undersigned counsel and files this, its Answer to Plaintiff's Complaint, and states:

## **PARTIES, JURISDICTION AND VENUE**

1.  As to paragraphs 1-3, 5-13, 16, 17, 20, 22-25 Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

2.  As to paragraph 4, Defendant CITY admits the allegations contained therein.

3.  As to paragraphs 14, 15, 18, 19, and 21, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

4.   As to paragraph 14, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

## COUNT I - FALSE ARREST

26.   Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 25, as if fully set forth herein and incorporated herein.

27.   As to paragraphs 27, 28, 30, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

28.   As to paragraphs 29, 31, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

## COUNT II - BATTERY

32.   Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 25, as if fully set forth herein and incorporated herein.

33.   As to paragraphs 33-35, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

## COUNT III – NEGLIGENT RETENTION

36.   Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 25, as if fully set forth herein and incorporated herein.

37.   As to paragraphs 37-43, Defendant CITY denies the allegations contained therein and, therefore, denies same and demands strict proof thereof at the time of trial.

## COUNT IV – MALICIOUS PROSECUTION

44.     Defendant CITY re-asserts/re-alleges its answers as to each and every allegation set forth in paragraphs 1 through 25, as if fully set forth herein and incorporated herein.

45.     As to paragraphs 45-47, Defendant CITY is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies same and demands strict proof thereof at time of trial.

## AFFIRMATIVE DEFENSES

48.     Further answering and as an affirmative defense, Defendant CITY would allege and assert that Plaintiff's complaint fails to state a claim upon which relief can be granted.

49.     As an affirmative defense, Defendant CITY would allege and assert that Plaintiff's injuries, if any, was caused in whole or in part by Plaintiff and/or Plaintiff's own unlawful acts or conduct, and accordingly Plaintiff may not recover.

50.     As an affirmative defense, Defendant CITY would allege and assert that Plaintiff has failed to mitigate his alleged damages.

51.     As an affirmative defense, Defendant CITY would allege and assert that it is entitled to a set off or a reduction in damages for any and all benefits paid to or on behalf of Plaintiff by any and all collateral sources of indemnity.

52.     As an affirmative defense, Defendant CITY would allege and assert that its employees were acting in the course and scope of their employment.

53.     As an affirmative defense, Defendant CITY would allege and assert that its employees' actions were in accordance with the prevailing law.

54.     As an affirmative defense, Defendant CITY would allege and assert that at all times CITY employees had reasonable suspicion that Plaintiff had committed a crime.

55.     As an affirmative defense, Defendant CITY would allege and assert that

Plaintiff's complaint is barred by probable cause.

56.     As an affirmative defense, Defendant CITY would allege and assert that Defendant CITY is entitled to the immunity provision contained in §768.28, Florida Statutes.

57.     As an affirmative defense, Defendant CITY would allege that it may not be held liable for employee conduct which is malicious or which is outside that course and scope of the employee's employment, in accordance with §768.28, Florida Statutes.

58.     As an affirmative defense, Defendant CITY would allege that all taken by the CITY were objectively reasonable and in good faith.

59.     Defendant CITY reserves the right to amend and supplement these affirmative defenses adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## DEMAND FOR TRIAL BY JURY

Defendant CITY hereby demands trial by jury on all issues so triable.

WHEREFORE, for the reasons above stated, Defendant CITY respectfully request that this Court enter a judgment in its favor and to award Defendant CITY its costs and expenses incurred in the defense of this matter.

Dated: June 18, 2018

Respectfully submitted,

VICTORIA MÉNDEZ, City Attorney
DOUGLAS A. HARRISON, Assistant City Attorney
Attorneys for City of Miami
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
E-Mail:  daharrison@miamigov.com

984863

By:    */s / Douglas A. Harrison*      
Douglas A. Harrison, Assistant City Attorney
Florida Bar No. 75566

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to those individuals on the attached Service List by e-mail generated by My Florida Courts E-Filing Portal this 18th day of June 2018.

By:    */s / Douglas A. Harrison*      
Douglas A. Harrison, Assistant City Attorney

## SERVICE LIST

Forrest Sygman, Esq.
Dana Sasieta, Esq.
Forrest Sygman, P.A.
Citibank uilding, Suite 450
7300 North Kendall Drive
Miami, Florida 33156
forrest@sygmanlaw.com
Attorney for Bruce Powers

984863

IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

BRUCE POWERS,

      Plaintiff,

vs.

CITY OF MIAMI,
A municipal corporation

      Defendants.

CASE: 2018-006588-CA-01

_____/

## PLAINTIFF'S MOTION TO STRIKE CITY OF MIAMI'S ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

      COMES NOW, the Plaintiff, BRUCE POWERS, by and through undersigned counsel, and hereby files this Motion to Strike City of Miami's Answer, Affirmative Defenses to Plaintiff's Complaint. Pursuant to Fla. R. Civ. P. 1.140 (f) and states:

## STATEMENT OF FACTS

1. On or about June 18, 2017, Defendants filed their Answer and Affirmative Defenses in this action.

2. Florida is a fact pleading jurisdiction. *Continental Baking Co. v. Vincent*, 634 So.2d. 242, 244 (Fla. 5th DCA 1994). A pleading, which merely contains assertion of opinion, or conclusory factual statements, or conclusions of law unsupported by specific, ultimate facts, is legally insufficient. *Ellison v. City of Ft. Lauderdale*, 175 So.2d 198, 200 (Fla. 1965); *Rishel v. Eastern Airlines, Inc.*, 466 So.2d 1136, 1138 (Fla. 3d DCA 1985); *Bliss v. Carmona*, 418 So. 2d 1017, 1019 (Fla. 3d DCA 1982); *Other Place of Miami v. City of Hialeah*, 353 S.o2d 861, 862 (Fla. 3d DCA 1977). This general pleading requirement is applicable to claims and

defenses alike. *Bliss*, supra, at 1019; *Cady v. Chevy Chase Savings and Loan, Inc.*, 528 So.2d 136, 138 (Fla. 4th DCA 1988); *Walker v. Walker*, 254 So.2d. 832, 833-34 (Fla. 1st DCA 1971).

3.   Any pleading which attempts to raise of cause of action or defense, must contain sufficient ultimate facts supporting each element of a cause of action or defense. *Clark v. Boeing*, 395 So.2d. 1226, 1229 (Fla. 3d DCA 1981); *Beckler v. Hoffman*, 550 So.2d 226, 1229 (Fla. 3d DCA 1989). If an essential element of an asserted defense is omitted, it is improper for the Court to supply the missing allegation. *Walker*, supra, at 833-34.

4.   An Affirmative Defense that merely contains conclusions of law unsupported by unlimited facts are insufficient.

5.   In pleading its defenses, a party must set forth the facts in such a manner as to reasonably inform the other party of what is proposed to be proven and to provide the other party with a fair opportunity to meet the defense and prepare its evidence. *Zito v. Washington Federal Savings and Loan Association of Miami Beach*, 318 So.2d 175 (Fla. 3d DCA 1975).

6.   An affirmative defense is a defense which admits the cause of action, but avoids liability, in whole or in part, by alleging an excuse, justification, or other matter negating or limiting liability. *See* Henry P. Trawick, Jr., Florida Practice & Procedure 11-4, at 205 (2010 ed.).

7.   The First Affirmative Defense is premised upon the allegation that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. This is not an affirmative defense, fails to contain any factual allegations and has absolutely been waived as a matter of law.

8.   The Second Affirmative Defense is merely a legal conclusion and as such does not support an affirmative defense which must be factually specifically pled.

9.   The Third Affirmative Defense is merely a legal conclusion and as such does not support an

affirmative defense which must be factually specifically pled.

10. The Fourth Affirmative Defense is merely a statement of law appropriate after trial for a reduction in damages and is not an affirmative defense which in substance must allege a factual basis admitting liability but offering an excuse.

11. The Fifth Affirmative Defense is merely a statement of law and appears to be an admission of liability for the acts of its agents and should be deemed an admission of liability and trial be had as to damages.

12. The Sixth Affirmative Defense is merely a legal conclusion and as such does not support an affirmative defense which must be factually specifically pled.

13. The Seventh Affirmative defense is merely a legal conclusion and not factually supported.

14. The Eighth Affirmative defense is merely a legal conclusion and not factually supported.

15. The Ninth Affirmative defense is merely a legal conclusion and not factually supported.

16. The Tenth Affirmative defense is merely a legal conclusion and not factually supported and wholly inconsistent with the assertion that its agent was acting within the course and scope of employment as stated above.

17. The final allegation, which is not an affirmative defense, is a reservation to file amendments and as such is not a defense and upon a proper filing, the defendant may seek to amend.

**WHEREFORE**, Plaintiff, requests that Defendant Answer, Affirmative Defenses be stricken and for any further relief this Honorable Court deems just and proper.

**[Space Left Blank Internationally]**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Victoria Mendez, City Attorney, and Douglas A. Harrison, Assistant City Attorney, 444 SW 2nd Ave, Ste 945, Miami, Florida 33130-1910, Email: daharrison@miamigov.com by e-mail generated by My Florida Courts E-Filing Portal this **19th day of June, 2018**.

> **FORREST SYGMAN, P.A.**
> Citibank Building
> 7300 North Kendall Drive, Ste. 450
> Miami, Florida 33156
> PH: (305) 661-8955
> FX: (305) 830-9098
> EM: forrest@sygmanlaw.com
>
> By: _____
>
> **Forrest Sygman, Esq.**
> Florida Bar Number: 748020

IN THE COUNTY COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

BRUCE POWERS,

       Plaintiff,

CASE: 2018-006588-CA-01

vs.

CITY OF MIAMI,
A municipal corporation

       Defendants.

_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

**COMES NOW** Plaintiff, BRUCE POWERS by and through his undersigned attorney and hereby files his *Motion for Extension of Time,* and in support thereof states as follows:

1.     On or about December 22, 2018, the Defendant filed a Request for Production of Documents and Defendant's First Set Interrogatories to Plaintiff.

2.     Defendant's response to the Request for Production of Documents and First Set Interrogatories is due on January 21, 2019, however, Plaintiff needs additional time to consult with the Plaintiff's counsel in order to properly, fully and adequately respond to the discovery requests.

3.     The Plaintiff requires an additional thirty (30) days, to gather and/or review the documents before producing a response to Defendant's discovery requests.

4.     This is the first request for an extension of time for discovery purposes and this Motion for Extension of Time is made in good faith and is in no way designed to prejudice the rights of either party or to delay the ultimate resolution of this case.

**LAW OFFICE OF FORREST SYGMAN, P.A.**
7300 N. Kendall Drive, Ste 450 Miami, FL 33157 Phone: 305-661-8955 Fax 305-830-9098
Email: forrest@sygmanlaw.com; associate@sygmanlaw.com

Page **1** of **2**

5.     A good faith effort will be made to resolve the subject matter of this Motion with opposing counsel prior to a hearing on the matter.

**WHEREFORE**, Plaintiff, Bruce Powers, respectfully requests that this Court grant the thirty (30) day extension of time within which to respond to Defendant's Request for Production and Interrogatories.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Victoria Mendez, City Attorney, and Douglas A. Harrison, Assistant City Attorney, 444 SW 2nd Ave, Ste 945, Miami, Florida 33130-1910, Email: daharrison@miamigov.com by e-mail generated by My Florida Courts E-Filing Portal this **21st day of January, 2019**.

**Forrest Sygman, P.A.**
Citi Bank Building, Suite 450
7300 North Kendall Drive
Miami, Florida 33156
Telephone: (305) 661-8955
EM: forrest@sygmanlaw.com
EM:associate@sygmanlaw.com


By:_____
Forrest Sygman, Esq. FBN 748020
Laura Pereira, Esq. FBN: 124807

**LAW OFFICE OF FORREST SYGMAN, P.A.**
7300 N. Kendall Drive, Ste 450 Miami, FL 33157 Phone: 305-661-8955 Fax 305-830-9098
Email: forrest@sygmanlaw.com; associate@sygmanlaw.com

Page 2 of 2

IN THE COUNTY COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BRUCE POWERS,                                    CASE: 2018-006588-CA-01

      Plaintiff,

vs.

CITY OF MIAMI,

A municipal corporation

      Defendants.

_____/

## MOTION TO WITHDRAW AS COUNSEL

    **COMES NOW**, Forrest Sygman, Esq for Forrest Sygman P.A., undersigned counsel for

Plaintiff, BRUCE POWERS, and hereby files this Motion to Withdraw as counsel and as grounds

therefore states as follows:

    1.    That irreconcilable differences have occurred between the undersigned and Mr.

Powers, as a result of which, it is inappropriate for the undersigned to continue to represent him in

this action.

    **WHEREFORE**, Forrest Sygman, P.A, respectfully request that this Honorable Court enter

an Order permitting Forrest Sygman, P.A. to withdraw as counsel(s) of record for Plaintiff and

relieving them of any further responsibility in this matter, and that all further pleadings and papers

be sent to: Bruce Powers, via mail to: 1001 Mac Arthur Causeway, Miami, Fl 33132.

**LAW OFFICE OF FORREST SYGMAN, P.A.**
7300 N. Kendall Drive, Ste 450 Miami, FL 33157 Phone: 305-661-8955 Fax 305-830-9098
Email: forrest@sygmanlaw.com; associate@sygmanlaw.com

Page 1 of 2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Victoria Mendez, City Attorney, and Douglas A. Harrison, Assistant City Attorney, 444 SW 2nd Ave, Ste 945, Miami, Florida 33130-1910, Email: daharrison@miamigov.com by e-mail generated by My Florida Courts E-Filing Portal and Bruce Powers, via mail to: 1001 Mac Arthur Causeway, Miami, Fl 33132 this **31 day of January, 2019**.

**FORREST SYGMAN, P.A.**
Citi Bank Building
7300 N. Kendall Dr. Ste. 450
Miami, Florida 33156
Telephone: (305) 661-8955

By: _____

Forrest Sygman, Esq. F.B.N.:748020
EM: forrestt@sygmanlaw.com

LAW OFFICE OF FORREST SYGMAN, P.A.
7300 N. Kendall Drive, Ste 450 Miami, FL 33157 Phone: 305-661-8955 Fax 305-830-9098
Email: forrest@sygmanlaw.com; associate@sygmanlaw.com

Page 2 of 2

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

BRUCE POWERS
        Plaintiff,

                                            CASE NO.: 2018-06588-CA-01

CITY OF MIAMI,
        Defendants.
_____/

### ORDER GRANTING MOTION TO WITHDRAW

THIS CAUSE having come before this Court on __2 - 13 -19__ on Plaintiff's Motion

to Withdraw as Counsel for BRUCE POWERS, ("Client"), and appropriate notice having been

given, it is hereby ORDERED AND ADJUDGED as follows:

1.  The Motion to Withdraw is **GRANTED**.

2.  Movant shall mail a copy of this Order to Client forthwith and, if available, provide a

    copy of this Order via email.

3.  **Within 30 days** from the date of this order, Client shall either:

    a.  Retain new counsel and have that counsel file a written appearance with the Clerk

        of the Court; OR

    b.  File a written notice with the Clerk of the Court advising that Client will represent

        himself/herself. [*Note*: If Client is a corporation, trustee or a trust, personal

        representative of an estate, or otherwise named in a representative capacity, Client

        must retain counsel. *See Szteinbaum v. Kaes Inversiones y Valores, C.A.,* 476 So.

        2d 247, 248 (Fla. 3d DCA 1985).]

4.  Failure to comply with the preceding paragraph will create a presumption that Client

    no longer wishes to participate in this lawsuit and the Court may *sua sponte*, or on

motion of opposing party, impose sanctions against Client. Sanctions may include the imposition of fees and costs, striking of pleadings, entry of default, and dismissal with prejudice.

5. In the interim, Client is required to comply with all Orders/Notices requiring Client's appearance in Court, but any pending Order requiring compliance is hereby stayed for thirty (30) days.

6. Client may be served at the following address:1001 Mac Arthur Causeway, Miami, Fl 33132 and contacted via telephone at the following number(s): 954-609-9707 and email: unknown.

7. Client is responsible for updating the foregoing address by filing a notice of new address with the Clerk of the Court and providing a copy to opposing counsel. Failure to update the foregoing address shall constitute a waiver of any defenses due to lack of notice.

8. **THIS ORDER DOES NOT CHANGE ANY CURRENT TRIAL SETTING IN THIS CASE.**

**DONE and ORDERED** in Chambers in Miami-Dade County, Florida this _____ of _____, 2019.

SIGNED AND DATED

ALEXANDER S. BOKOR
CIRCUIT JUDGE

cc:  All parties and counsel of record

THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2018-006588-CA-01

BRUCE POWERS

     Plaintiffs,

v.

CITY OF MIAMI,
A Municipal Corporation

     Defendant.

_____/

## NOTICE OF APPEARANCE OF COUNSEL

The undersigned counsel, Ken Swartz of the Swartz Law Firm, hereby files notice

of appearance as counsel for the Plaintiff, Bruce Powers, and requests that all pleadings

are to be served at the following designated email address, pursuant to Florida Rule of

Judicial Administration 2.516:

Ken@swartzlawyer.com

                         Respectfully Submitted,

                         **KEN SWARTZ**
                         SWARTZ LAW FIRM
                         Counsel for Plaintiff
                         BRUCE POWERS
                         14 N. E. First Ave., Suite 1211
                         Miami, Florida 33132
                         Tel:305-579-9090
                         Fax:305-579-9090
                         Florida Bar No. 331929
                         ken@swartzlawyer.com

                         By:/S/_Ken Swartz___
                         Ken Swartz

Bruce Powers v. City of Miami, Case No. 2018-06588-CA-01

## CERTIFICATE OF SERVICE

I CERTIFY that the foregoing document has been filed with the Clerk of Miami-Dade County using the Florida Courts e-filing portal and has been furnished to Counsel for the City of Miami, Douglas Harrison, Assistant City Attorney, 444 S.W. 2nd Avenue, Miami, FL 33130, daharrison@miamigov.com by email on February 28, 2019.

By_/s/ Ken Swartz_____
Ken Swartz

THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2018-006588-CA-01

BRUCE POWERS

     Plaintiffs,

v.

CITY OF MIAMI,
A Municipal Corporation.

     Defendant.

_____/

## **MOTION TO AMEND COMPLAINT**

Plaintiff BRUCE POWERS, through undersigned counsel, respectfully moves pursuant to Rule 1.190 of the Florida Rules of Civil Procedure for leave to file the attached Amended Complaint and in support thereof states as follows:

1. On March 2, 2018, the Plaintiff filed a four-count Complaint against the Defendant City of Miami ("City") based on the Plaintiff's e arrest by former Miami Police Officer Alejandro Macias on April 21, 2016. The Plaintiff's initial Complaint named the City as a defendant and alleged counts of false arrest, battery, negligent retention, and malicious prosecution.

2. On February 28, 2019, undersigned Counsel filed a Notice of Appearance on behalf of the Plaintiff after Plaintiff's prior counsel was granted leave to withdraw as counsel for the Plaintiff. After reviewing the facts of the Plaintiff's claims, undersigned Counsel has prepared the attached Amended Complaint which adds former Officer Alejandro Macias as a Defendant to this lawsuit. Count one of the Amended Complaint

alleges an assault and battery claim against Macias, count two alleges malicious prosecution, and count three alleges a claim pursuant to 42 U.S.C. § 1983 for a violation of the Plaintiff's rights under the U.S. Constitution.

3. As to the City, the Amended Complaint also alleges a claim pursuant to 42 U.S.C. §1983 for a violation of the Plaintiff's U.S. Constitutional rights. The Amended Complaint includes a battery claim and a negligent hiring and/or retention claim.

## Memorandum of Law

The Plaintiff's Amended Complaint adds the former Miami Police Officer who arrested the Plaintiff as a defendant. The claims against the former officer arise from the false arrest incident and the subsequent criminal prosecution. The Amended Complaint adds Florida tort claims against Macias and claims for liability under 42 U.S.C. §1983 against Macias and against the City.

Rule 1.190(e) of the Florida Rules of Civil Procedure states that the Court may permit an amend complaint at any time when in furtherance of justice. The claims added by the Amended Complaint are based upon the Plaintiff's false arrest by Alejandro Macias, a former Miami Police Officer, and Macias' conduct in the malicious prosecution of the Plaintiff in the Miami-Dade County Court. This is the same specific conduct and occurrence upon which the initial complaint is based. *Knipp v Weinbaum*, 351 So. 2d 1081, 1086 (Fla. 3rd DCA 1977) ("Liberal construction of this rule is particularly applicable in a situation such as the one before us where the amendment is based on the same conduct, transaction and occurrence upon which plaintiff had brought his original claim.") (citing *Turner v. Trade-More, Inc.*, 252 So. 2d 383, 384 ( Fla. 4th DCA 1971)); *Mass v. State of*

2

*Florida*, 927 So. 2d 157, 161 (Fla. 3rd DCA 2006) ("Leave to amend should be freely given, the more so…when the amendment is based on the same conduct transaction and occurrence upon which the original claim was brought.") (citing *Spolski Gen. Contractor, Inc. v. Jett-Aire Corp.*, 637 So. 2d 968, 970 (Fla. 5th DCA 1994)

The policy of the Florida Rules of Civil Procedure is to allow litigants to amend pleadings freely in order to allow for causes of action to be tried on their merits. *David Miller Distributing Company v. Florida National Bank at Arlington*, 342 So. 2d 856, 858 (Fla. 1st DCA 1977) The Amended Complaint will allow the Plaintiff to enforce all his causes of action on their merits against all potentially liable parties. The Defendant is not prejudiced since the amendment to the complaint will not affect the Defendant's ability to prepare for the new allegations prior to trial on the merits. *Dimick v. Ray*, 774 So .2d 830, 833(Fla. 4th DCA 2000).

### Conclusion

For the foregoing reasons Plaintiff BRUCE POWERS respectfully moves for leave to file the Amended Complaint.

Respectfully Submitted,

**KEN SWARTZ**
SWARTZ LAW FIRM
Counsel for Plaintiff
BRUCE POWERS
14 N. E. First Ave., Suite 1211
Miami, Florida 33132
Tel:305-579-9090
Fax:305-579-9090
Florida Bar No. 331929
ken@swartzlawyer.com

By:/S/_Ken Swartz___
Ken Swartz

3

Bruce Powers v. City of Miami, Case No. 2018-06588-CA-01

## **CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing document has been filed with the Clerk of Miami-Dade County using the Florida Courts e-filing portal and has been furnished to Counsel for the City of Miami, Douglas Harrison, Assistant City Attorney, daharrison@miamigov.com by email on September 10, 2019.

By _/s/ Ken Swartz_____
Ken Swartz

4

**IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA**

**GENERAL JURISDICTION DIVISION**

**CASE NO. 2018-006588-CA-01**

BRUCE POWERS
    Plaintiff,

v.

CITY OF MIAMI, a municipality, and
ALEJANDRO MACIAS, individually
and in his official capacity as former police
officer for the City of Miami Police Department.

    Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff sues Defendants, jointly and severally, and alleges as follows:

1.    This is an action for money damages in excess of fifteen thousand ($15,000.00)

dollars, arising out of one or more violations of State and Federal laws as detailed below.

## JURISDICTION AND VENUE

2.    This action for damages is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the

Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the tort

law of the State of Florida, against the CITY OF MIAMI and ALEJANDRO MACIAS, the

former individual City of Miami police officer.

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §1988 and the constitutional provisions mentioned above and under the tort law of Florida.

4.     Venue is proper because the events complained of occurred in Miami, Florida.

5.     All conditions precedent to the filing of this action have been performed or have occurred prior to its institution including those set forth in Florida Statutes Chapter 768.

## PARTIES

6.     Plaintiff BRUCE POWERS, (hereinafter "POWERS" or "Plaintiff") was at all times relevant to this complaint a citizen of the United States and a resident of Miami-Dade County, Florida.  The Plaintiff resided on a vessel moored near the Miami Yacht Club.

7.     Defendant CITY OF MIAMI (hereinafter "CITY OF MIAMI" or "Defendant CITY") is a municipality of the State of Florida and is organized pursuant to the laws of Florida.

8.     Defendant ALEJANDRO MACIAS (hereinafter "MACIAS" or "Defendant MACIAS") was at all times relevant to this complaint a duly appointed police officer of the City of Miami Police Department.

9.     At all material times, Defendant MACIAS was acting under color of state law and under color of his authority as a police officer for the Defendant CITY OF MIAMI and Defendant MACIAS had been assigned to the Miami Police Marine Patrol at the time of the events describe below.

10.     At all times, Defendant MACIAS was engaged in conduct that was the proximate cause of the violations of the Plaintiff's federally protected rights, as more particularized herein. Defendant Macias is being sued as a former police officer for the CITY OF MIAMI, and his official capacity and in his individual capacity.

2

## STATEMENT OF FACTS

11.     On April 21, 2016, Plaintiff drove his pickup truck onto the premises of the Miami Yacht Club. POWERS held a membership in the Miami Yacht Club. As he entered the Miami Yacht Club driveway, he noticed Defendant MACIAS in the area of the Miami Police Marine Patrol compound where boats are stored.

12.     The Miami Police Marine Patrol office is located on the premises of the Miami Yacht Club, and Defendant MACIAS appeared to be on duty that day in uniform.

13.     As the Plaintiff drove slowly passed the Miami Police Marine Patrol compound and headed toward the Miami Yacht Club building, the Plaintiff noticed Defendant MACIAS following him on foot. Plaintiff stopped his pickup truck as MACIAS walked towards the Plaintiff on the driver's side door. The driver's side window was down. As he approached the truck, MACIAS raised his voice and began yelling at the Plaintiff because complaints were made by Yacht Club members about MACIAS's personal boat. The Plaintiff had observed Defendant MACIAS in the boatyard compound.

14.     Defendant MACIAS wanted the Plaintiff to exit his truck. The Plaintiff refused to leave his truck. At one point MACIAS extended his arm into the open window and struck the Plaintiff in the face causing his nose to bleed.

15.     Stunned by MACIAS's sudden and violent attack, the Plaintiff drove away and headed to the Yacht Club office to report the incident. Defendant MACIAS followed the Plaintiff to the Yacht Club office.

16.     When the Plaintiff entered the patio of the Yacht' Club, the Plaintiff attempted to report the actions of MACIAS to the management of the Miami Yacht Club and/or the Miami Police Department. As the Plaintiff was attempting to report the battery by MACIAS, Defendant

3

MACIAS caught up with the Plaintiff in the patio area where Defendant MACIAS tackled the Plaintiff, battered him and arrested the Plaintiff without any probable cause.

17. Miami Fire and Rescue arrived at the scene soon after to treat the Plaintiff's bloodied nose caused by the Defendant MACIAS.

18. After handcuffing and detaining the Plaintiff, Defendant MACIAS caused the Plaintiff to be detained at the Miami Police Marine station located in the Miami Yacht Club. Defendant MACIAS provided false information to another Miami Police officer to justify his arrest of the Plaintiff. That officer used MACIAS's false information for a sworn arrest affidavit falsely charging the Plaintiff with battery on a police officer, a third degree felony, in violation of Florida Statutes §784.07(2)(B) and with resisting arrest without violence and resisting an officer without violence, a misdemeanor, in violation of Florida Statutes §843.02.

19. The Plaintiff was booked on these false charges and jailed in the Miami-Dade jail facility until bond was posted for him.

20. On or about April 28, 2016, Defendant MACIAS provided false information to the Miami Dade State Attorney to support the false charges. As a result of MACIAS's false information, the Miami Dade State Attorney charged the Plaintiff with resisting an officer without violence (*State of Florida v. Bruce Michael Powers*, case no. M16-15536). Plaintiff POWERS had to retain and pay counsel to defend against these false charges.

21. On or about June 29, 2016, the Plaintiff entered a not guilty plea before a Miami Dade County Court Judge.

22. On or about November 3, 2016, Defendant MACIAS was served with a subpoena to appear for his deposition by POWERS's criminal defense attorney, but Defendant MACIAS failed to appear for his deposition scheduled for November 10, 2016. After the Plaintiff's

4

criminal defense attorney filed a motion for an order to show cause, MACIAS's deposition was rescheduled for December 13, 2016. Defendant MACIAS did not appear for that deposition either.

23.     On or about December 15, 2016, Defendant MACIAS informed the Miami Police Department of his resignation effective December 15, 2016.

24.     The charges against the Plaintiff were subsequently dismissed by the Miami Dade State Attorney on or about January 9, 2017.

**Deliberate Indifference by the Miami Police Department.**

25.     The Defendant CITY OF MIAMI has a long history of failing to properly screen its police candidates as well as failing to properly train and/or supervise police candidates after they have been hired by the City of Miami Police Department as police officers.

26.     At all times material hereto there existed a de facto policy within CITY OF MIAMI of covering up police misconduct by failing to properly investigate alleged misconduct and/or conducting investigations that were intentionally deficient and/or fabricating evidence to justify the misconduct.

27.     At all times material the Defendant CITY OF MIAMI was on notice of a pattern and/or practice of misconduct, corruption and cover up evidenced but not limited to the following:

(a)     In 1981 the Booz, Allen & Hamilton Report found that despite prior studies and two consent decrees, the City of Miami Police Department continued to be deficient in the training and supervision of its police officers, particularly with respect to road patrol and criminal investigations units.

5

(b)     The continued lack of training and supervision with respect to the City of Miami Police Department were reiterated in the updated Booz, Allen & Hamilton report of April 1983.

(c)     In the 1980's Defendant CITY OF MIAMI hired 600 new officers, some with criminal backgrounds as well as those who were found to be mentally unfit, and who following their hire, were not properly trained and/or supervised resulting in a series of criminal and corrupt activities, known as the Miami River Cops incident, involving nearly 100 police officers who were arrested, convicted, and/or disciplined for engaging in criminal activities.

(d)     There existed a pattern and practice of engaging in false arrests and imprisonment, false prosecutions, and excessive use of force.

(e)     On or about July 18, 1993, Nathaniel Veal, Jr., Andy Watson, Pablo Camacho, Charles Haynes Jr., Ronald Sinclair and Thomas Trujillo, all former members of the City of Miami Street Narcotics Unit (S.N.U.), were convicted of providing false and misleading information to investigators in violation of 18 U.S.C. 1512(b)(3). These convictions were affirmed by the Eleventh Circuit Court of Appeals in U.S. v. Veal, 153 F.2d 1233 (11th Cir. 1998).

(f)     In 2002 the U.S. Department of Justice Civil Rights Division investigated the City of Miami Police Department. The investigation disclosed that the Department failed to appropriately train its officers in the use of force and that it failed to properly report, document, or investigate complaints of misconduct by its officers.

28.     Despite the notice and knowledge by Defendant CITY OF MIAMI of the failures of the Department in its hiring, training, and supervision practices, the Defendant CITY OF MIAMI failed to institute any meaningful changes thereby allowing for the improper training and/or supervision of officers such as Defendant MACIAS, after Defendant City hired MACIAS

6

on or about October of 1988.    The past pattern and practice of the conduct described above
continued with incidents arising from Defendant MACIAS's own unlawful conduct as well as
the unlawful conduct of other Miami Police officers.

29.    Within one year of the date MACIAS was hired by the Miami Police Department,
MACIAS was the subject of three (3) use of force incidents and five (5) citizen complaints.

30.    In one incident MACIAS took a soda from the hand of a person arrested for
disorderly conduct and poured it over his head.  This misconduct investigation was substantiated
by internal affairs.

31.    Another incident caused the Miami Policed Department to relieve MACIAS of
duty on August 5, 1989, pending an administrative/criminal investigation.  The investigation
lasted approximately one year during which time MACIAS remained on relieved-of-duty status.
It was eventually determined that MACIAS wrote facts in an affidavit for two citations even
though he had no personal knowledge.  He was ultimately given an 80-hour suspension.

32.    After he was allowed to resume his position as a police officer in October of
1990, MACIAS continued to receive use of force incidents and citizen complaints as follows:

- 1991 - one use of force incident, [MACIAS was on a two-year leave of
  absence for military duty from 1992 through 1993];

- 1994 - one use of force incident and eight citizen complaints;

- 1995 - two use of force incidents and one citizen complaint;

- 1996 - two use of force incidents and one citizen complaint;

- 1997 - one citizen complaint;

- 1998 - two use of force incidents and one citizen complaint;

- 1999 - two use of force incidents and three citizen complaints.

7

33.     Despite the Miami Police Department's own written procedures that two or more citizen complaint incidents and/or two or more use of force incidents during a 12-month period required a mandatory review of the officer, this did not take place. His record as a police officer showed early signs of aggressive and violent tendencies and the need for additional training and/or supervision, but no such action was taken. As a result of the lack of additional training and/or supervision, MACIAS's performance as a police officer continued to deteriorate.

34.     On or about March 12, 1996, Defendant MACIAS and Miami police officers Jose Acuna, Ralph Fuentes, Arturo Beguiristain, and Eliezer Lopez were part of a Special Weapons and Tactics (S.W.A.T.) team that served a search warrant at an apartment located in Miami, Florida. In the course of serving the search warrant at the apartment, the Defendant along with the other four officers fired approximately 123 shots at Richard Brown, a resident of the apartment, resulting in his death.

35.     On August 1, 1997, the estate of Richard Brown filed a lawsuit against Defendant MACIAS and six other Miami Police Officers pursuant to 42 U.S.C. §1983 for the violation of the Richard Brown's U.S. Constitutional right to be free from the use of excessive force, which resulted in his death. (*Brown v. City of Miami*, 97-2415-civ-Graham.) The lawsuit also named the Defendant CITY OF MIAMI alleging that the violation of Brown's Constitutional rights by the officers was directly caused by the acts, omissions, policies or customs of the Defendant CITY OF MIAMI.

36.     On or about January 13, 2000, the Miami City Commission approved a settlement of the Richard Brown lawsuit against the Defendant CITY OF MIAMI, the Defendant MACIAS, and the other Miami police officers named in the lawsuit.

8

37.     On or about March 23, 1999, Defendant Macias along with other officers from the Defendant City of Miami's Police Department were dispatched to the home of Jesse Runnels concerning a possible suicide attempt by Jesse Runnels, who was alone inside his house. City of Miami Police officers were on the scene. After Defendant MACIAS was on the scene for approximately 73 minutes, he fired two bullets from a MP-5 assault rifle through the kitchen window killing Runnels.

38.     On or about August 11, 2000, the estate of Jesse Runnels filed a lawsuit pursuant to 42 U.S.C. §1983 against Defendant MACIAS in his capacity as a Miami policer officer for the deprivation of Runnel's U.S. Constitutional rights. (*Runnels v City of Miami*, 00-2930-civ-King). The lawsuit also charged the Defendant CITY OF MIAMI with failing to train, supervise, and/or discipline its officers for the illegal use of force. It alleged that the violation of Runnel's constitutional rights by Defendant MACIAS was a direct result of the acts, omissions, policies or customs of the Defendant CITY OF MIAMI.

39.     On March 14, 2001, a federal grand jury in Miami returned a two-count indictment ("Brown Indictment") against the Defendant MACIAS and four other officers of the Miami Police department for violating 18 U.S.C. §§1512 and 242. The indictment charged MACIAS and the other officers with conspiracy to fabricate evidence that would justify the deadly force used on Richard Brown, and to testify falsely, and/or corroborate other officers' false statements, in relation to any investigation into the shooting of Richard Brown. The Brown Indictment specifically alleged that Defendant MACIAS gave false and misleading sworn statements to law enforcement officials investigating the shooting of Richard Brown.

40.     On March 16, 2001, Defendant was relieved of duty by the Miami Police Department as a result of the then pending federal criminal investigation.

9

41.     On September 10, 2001, the federal grand jury returned a superseding indictment in the Richard Brown case adding six additional officers to the charge of conspiracy to obstruct justice. Of those officers Oscar Ronda, Jesus Aguero, Arturo Beguiristain and Jorge Castello were convicted of conspiracy to obstruct justice in violation of 18 U.S.C. §§1512(b)(3) and 371 and obstruction of justice in violation of 18 U.S.C. §1512(b)(3).

42.     On or about February 14, 2002, the City Commission for the Defendant CITY approved a settlement in the Runnels lawsuit against the Defendant CITY OF MIAMI, and Defendant MACIAS.

43.     On or about March 4, 2002, a federal grand jury in Miami returned a two-count indictment charging Defendant MACIAS with a violation of 18 U.S.C. §1512(b)(3) in connection with the Jesse Runnels shooting ("Runnels indictment"). The indictment specifically charged that Defendant MACIAS knowingly made false statements to law enforcement officers who were investigating the shooting.

44.     A federal jury acquitted MACIAS of the criminal charges in the Brown indictment and another jury acquitted MACIAS of the criminal charges in the Runnels indictment. On or about June 2, 2004, the Defendant MACIAS returned to the position of police officer, and sometime in 2005 or 2006 he was assigned to the Miami Police Marine Patrol.

45.     When the Defendant CITY OF MIAMI allowed MACIAS to return to the position of police officer, the CITY was on notice the Defendant MACIAS had been charged by two federal grand juries with providing false statements under oath to law enforcement officers conducting investigations into the shooting of two civilians. One shooting was committed by Defendant MACIAS himself (Runnels), and one shooting was committed by MACIAS and other officers (Brown).

10

46.     Two Federal grand jury indictments together with MACIAS's past suspension for providing information in an affidavit about which he did not have personal knowledge gave the Defendant CITY OF MIAMI ample evidence and notice that MACIAS had a tendency to provide false statements under oath regarding his official activities as a law enforcement officer.

47.     The Defendant CITY OF MIAMI was also on notice that MACIAS had been sued twice for federal constitutional violations and state law violations in connection with the Runnels shooting and the Brown shooting resulting in multi-million-dollar settlements with the families of Runnels and Brown.  The CITY OF MIAMI was on notice that overwhelming evidence demonstrated MACIA'S aggressive and violent tendencies.

48.     The Defendant CITY OF MIAMI failed to require MACIAS to undertake any training, supervision, discipline for the incidents or conduct that resulted in the shooting of Richard Brown and Jesse Runnels and/or for the conduct that resulted in two federal grand juries charging MACIAS with providing false information to law enforcement investigators and/or for the unconstitutional violations that resulted in the filing and settlement of two civil suits, both of which named Defendant MACIAS.

49.     Defendant CITY OF MIAMI had a duty to train supervise control or otherwise ensure that Defendant MACIAS and other unnamed police officers did not violate the constitutional rights of persons such as the Plaintiff.

50.     After he was allowed to return to his job as a police officer following two indictments for providing false statements and two civil rights lawsuits for use of force, without having any repercussions, MACIAS knew he could commit illegal use of force, violate constitutional rights of citizens, and lie with impunity as he had done multiple times in the past without losing his position with the police department.

11

51.     Defendant CITY OF MIAMI's failure to properly train and/or supervise and/or discipline officers of the Miami Police Department, including Defendant MACIAS, was a proximate cause of the deprivation of the Plaintiff's constitutional rights.

52.     Despite the ample evidence demonstrating that Defendant MACIAS was unfit to be a law enforcement officer, that his temperament was unsuitable for his continued retention as a law enforcement officer, that he had a tendency to provide false information regarding official activities, and that he had violated the constitutional rights of citizens, the Miami Police Department allowed Defendant MACIAS to resume his position as a Miami police officer thereby making the incident involving the Plaintiff foreseeable.

53.     The above acts and omissions by the Defendant CITY OF MIAMI, constitute a course of conduct and failure to act amounting to a deliberate indifference to the rights, health, safety and welfare of the Plaintiff resulting in the deprivation of the Plaintiff's constitutional rights.

54.     As a direct and proximate result of the acts of the Defendant CITY OF MIAMI and/or Defendant MACIAS, including a violation of the Plaintiff's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth amendments to the United States constitution, Plaintiff BRUCE POWERS suffered injuries and damages:

## CAUSES OF ACTION

## COUNT ONE

### (State Claim of Assault and Battery by Defendant MACIAS)

55.     Plaintiff POWERS re-alleges and adopts paragraphs 1 through 54.

12

56. This is a cause of action for damages in excess of fifteen thousand dollars, exclusive of costs and attorney's fees.

57. The above-mentioned acts constitute an unlawful assault and battery by Defendant MACIAS on the Plaintiff. Defendant MACIAS acted willfully, brutally, maliciously, and without justification.

58. Such unlawful contact occurred without the consent and against the will of Plaintiff POWERS.

59. Pursuant to 768.28, Florida Statutes, Plaintiff notified Defendant CITY OF MIAMI of this claim prior to filing this action and said claim was not resolved.

60. As a direct and proximate result of the said battery by Defendant Miami Police Officer MACIAS, Plaintiff BRUCE POWERS suffered and continues to suffer physical injury, great pain of mind and body, emotional distress, embarrassment, mental anguish, cost of bond and attorney fees, loss of capacity for the enjoyment of life, humiliation, and damage to his reputation.

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

a. Judgment for compensatory damages against Defendant MACIAS for compensatory damages in excess of fifteen thousand dollars ($15,000) dollars;

b. Costs of suit;

c. Trial by jury as to all issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT TWO

**(State Claim against Defendant MACIAS for Malicious Prosecution)**

61. PLAINTIFF realleges and adopts the allegations of paragraphs 1 through 54.

62. On or about April 21, 2016, and thereafter, Defendant MACIAS, proximately caused criminal proceedings to be instituted or continued against Plaintiff POWERS with malice and in the absence of probable cause that Plaintiff POWERS had committed any criminal offense by causing documents to be submitted to the State Attorney and making statements to the State Attorney, the prosecuting authority, containing false information and material omissions.

63. At all times material hereto, Defendant MACIAS knew his documents and statements, sworn and unsworn, would be submitted to the State Attorney and would be relied upon by the State Attorney for the institution and continuation of criminal proceedings against Plaintiff.

64. Subsequently, the State Attorney proceeded against Plaintiff for the charges for which he had been arrested pursuant to the documents provided by Defendant MACIAS.

65. The criminal proceedings against Plaintiff POWERS were completely terminated by the dismissal of the charges by the State Attorney.

66. No reasonably cautious person in the position of Defendant MACIAS, would have believed Plaintiff was in fact guilty of any criminal offense.

67. With regard to this count, the prosecution was initiated with the presence of malice, fraud, reckless disregard for the truth, deliberate violence or oppression or with such gross negligence as to indicate wanton disregard for the rights of Plaintiff, to wit: Defendant MACIAS knew no probable cause existed for the initiation of prosecution of Plaintiff.

68. As a further direct and proximate result of the said conduct by Defendant MACIAS, Plaintiff POWERS has suffered and continues to suffer physical injury, great pain of

14

mind and body, emotional distress, embarrassment, mental anguish, cost of bond and attorney fees, loss of capacity for the enjoyment of life, humiliation, and damage to his reputation.

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

a.    Judgment for compensatory damages against Defendant MACIAS for compensatory damages in excess of fifteen thousand dollars ($15,000) dollars;

b.    Costs of suit;

c.    Trial by jury as to all issues so triable; and

d.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT THREE

### (42 U.S.C. §1983 Claim against Defendant MACIAS)

69.    PLAINTIFF realleges and adopts the allegations of paragraphs 1 through 54.

70.    While Defendant MACIAS was acting under color of state law as a police officer for the Defendant CITY OF MIAMI, Defendant MACIAS subjected Plaintiff POWERS to the deprivation of the rights and privileges secured to him by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.  The actions and conduct of the Defendant MACIAS violated the rights of the Plaintiff to substantive due process of law under the Fifth Amendment, to a fair trial under the Sixth Amendment, and to be free from unreasonable detention, search and seizure under the Fourth Amendment.

71.    The actions and conduct of Defendant MACIAS caused Plaintiff POWERS great bodily harm and caused the Plaintiff to be illegally seized, restrained, detained, imprisoned and criminally prosecuted in violation of his constitutional rights under the under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution by arresting and detaining the

15

Plaintiff, subjecting him to an illegal and unreasonable search and seizure of his person, and depriving the Plaintiff of his liberty.

72.     Defendant MACIAS caused criminal proceedings to be instituted and/or continued against Plaintiff POWERS when Defendant MACIAS knew or should have known said prosecution was without probable cause.  The matters known to Defendant MACIAS prior to and at the time he continued the prosecution would not have warranted a reasonable law enforcement offer to believe the Plaintiff had committed the alleged crime.  The prosecution was instigated and continued as a result of Defendant MACIAS's intentional acts of providing false information, false sworn affidavits, false reports and false evidence to the criminal courts, the prosecutors, and the public, thereby knowingly or recklessly disregarding the Plaintiff's substantive due process rights.

73.     As a further direct and proximate cause of Defendant MACIAS's above-mentioned conduct, Plaintiff POWERS suffered and continues to suffer physical injury, great pain of mind and body, emotional distress, embarrassment, mental anguish, cost of bond and attorney fees, loss of capacity for the enjoyment of life, humiliation, and damage to his reputation.

74.     42 U.S.C. §1983 provides a remedy for a violation of these constitutional rights.

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

a.      Judgment for compensatory damages against Defendant MACIAS in excess of $ 15,000 dollars;

b.      Cost of suit;

c.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

d.      Trial by jury as to issues so triable; and

16

     e.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT FOUR

**(State Claim against Defendant CITY OF MIAMI for battery)**

75.     The Plaintiff realleges and adopts the allegation of paragraphs 1 through 54.

76.     All times material hereto, Defendant CITY OF MIAMI acted by and through its agents, employees, and/or police officers.

77.     On or about April 21, 2016, Defendant MACIAS did knowingly and intentionally inflict injury upon Plaintiff POWERS by force directed to Plaintiff POWERS and inflicted a reasonable fear of imminent peril upon POWERS.

78.     As a further direct and proximate cause of Defendant MACIAS's above-mentioned conduct, Plaintiff POWERS suffered and continues to suffer physical injury, great pain of mind and body, emotional distress, embarrassment, mental anguish, cost of bond and attorney fees, loss of capacity for the enjoyment of life, humiliation, and damage to his reputation.

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

     a.     Judgment for compensatory damages against Defendant MACIAS in excess of $ 15,000 dollars;

     b.     Cost of suit;

     c.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     d.     Trial by jury as to issues so triable; and

     e.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT FIVE

**(State Claim against Defendant CITY OF MIAMI for Negligent Hiring and/or Retention and/or Supervision.)**

79.      Plaintiff realleges and adopts the allegations of paragraphs 1 through 54.

80.      At all times material hereto, Defendant CITY OF MIAMI acted by and through its agents, employees, and/or police officers.

81.      At all times material hereto, individuals employed by the Defendant CITY OF MIAMI acted within the scope of their employment with the Defendant CITY OF MIAMI.

82.      Defendant CITY OF MIAMI has a common law duty to protect others from the result of negligent hiring, supervision and/or retention of its police officers whose negligent or intentional acts due to their position as police officers can foreseeably cause injuries to third parties.

83.      Defendant CITY OF MIAMI knew or should have known that Defendant MACIAS was unfit to be hired and/or retained as a police officer. It was unreasonable for Defendant CITY OF MIAMI to fail to conduct adequate supervision and/or training of Defendant MACIAS.

84.      Despite two federal grand jury indictments charging Defendant MACIAS with making false statements under oath to other law enforcement officials investigating his role in civilian shootings, and despite the two civil lawsuits against Defendant MACIAS arising out of two civilian shootings that resulted in settlements in excess of one million dollars, it was unreasonable for the Defendant CITY OF MIAMI to have retained Defendant MACIAS in the position of police officer and/or to retain Defendant MACIAS without additional proper training and/or supervision.

18

85.     It was foreseeable that Defendant MACIAS would use his position as a police officer to injure a third person.

86.     The Defendant CITY OF MIAMI's placed the Plaintiff POWERS at risk by negligently retaining Defendant MACIAS and/or failing to provide additional proper training and/or supervision.

87.     As a direct and proximate result of the negligence of its agent, employee and/or police officer of the Defendant CITY OF MIAMI, the Plaintiff sustained injuries for which Defendant CITY OF MIAMI is vicariously liable as a matter of law.

88.     As a further direct and proximate result of the Defendant CITY OF MIAMI's negligent hiring and/or supervision and/or retention of Defendant MACIAS, the Plaintiff POWERS has suffered and continues to suffer physical injury, great pain of mind and body, emotional distress, embarrassment, mental anguish, cost of bond and attorney fees, loss of capacity for the enjoyment of life, humiliation, and damage to his reputation.

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

a.     Judgment for compensatory damages against Defendant CITY OF MIAMI in excess of $15,000 dollars;

b.     Cost of suit;

c.     Trial by jury as to issues so triable; and

d.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT SIX

**(42 U.S.C. §1983 claim against Defendant CITY OF MIAMI)**

89.     PLAINTIFF realleges and adopts the allegations of paragraphs 1 through 54.

90.     At all material times hereto, Defendant CITY OF MIAMI, through its officers and agents, was charged with the responsibility of hiring, screening, training, supervising, disciplining and controlling officers of the City of Miami Police Department.

91.     At all times material hereto, the Defendant CITY OF MIAMI, through its officers and agents, was deliberately indifferent in that the Miami Police department either expressly or impliedly acknowledged and assented to the failure to train and/or supervise and/or control and/or screen employees of the Miami Police Department including, but not limited to, Defendant MACIAS for dangerous propensities, lack of training, and/or skill or other characteristics making said officers unfit to perform their duties.

92.     At all times material hereto, Defendant CITY OF MIAMI through its officers and agents was deliberately indifferent to the rights of the public, including the Plaintiff, in that it failed to determine whether members of the City of Miami Police Department, including Defendant MACIAS, posed a threat to the public as a result of their propensity to commit unlawful acts.

93.     At all times material hereto, Defendant CITY OF MIAMI, through its deliberate indifference, failed to ensure that the police officers of the City of Miami Police Department did not violate the constitutional and statutory rights of citizens of the State of Florida, including the Plaintiff, while said officers were acting under color of state law for the City of Miami Police Department.

94.     At all times material hereto, Defendant City of Miami permitted and tolerated the above described acts and thereby causing a pattern and practice of officers who committed various criminal acts and who have fabricated evidence and testimony to cover their own misconduct and/or the misconduct of other officers when they or other officers engaged in

20

making false arrests, used excessive and/or deadly force by officers of the City of Miami Police Department against members of the public including the Plaintiff, and committed unjustified, unreasonable and illegal false arrests and/or detentions in violation of their Fourth, Fifth, Sixth, and Fourteenth Amendment rights of the U.S. Constitution.

95.     Though such acts were improper, the police officers involved were not adequately disciplined and/or subjected to retraining. Some of said incidents were in fact covered up with official claims that their acts were justified and proper. As a result, Miami Police Department officers, including Defendant MACIAS, were encouraged to believe that members of the public, including the Plaintiff, could be subjected to illegal arrests, detentions and/or prosecutions, and that said illegal arrests, detentions, and/or prosecutions would be permitted by Defendant CITY OF MIAMI.

96.     The City of Miami Police Department, through its officers, maintained a custom of making unlawful arrests, detentions, and/or prosecutions and covering up misconduct by fabricating evidence and testimony and committing criminal acts. The conduct described above represents a pattern in which citizens were injured or endangered by the intentional and/or reckless misconduct by the officers of the City of Miami Police Department.

97.     The Defendant CITY OF MIAMI, through its officers or agents, has maintained a widespread failure to properly hire and/or train and/or supervise and/or discipline its officers for among other things, unlawful detentions and/or arrests and/or prosecutions, even though they had notice of such unlawful conduct by employees.

98.     The foregoing acts, omissions, policies or customs of Defendant CITY OF MIAMI caused officers, including Defendant MACIAS, to believe that acts such a unlawful seizures and/or detentions, and/or arrests and/or prosecutions, among other things, would not be

21

properly investigated, with the foreseeable result that officers, including Defendant MACIAS, were more likely to make unlawful seizures and/or detentions and/or arrests and/or prosecutions and/or commit criminal acts.

99.     The Plaintiff BRUCE POWERS has been a victim of said abuses of lawful authority, and said illegal acts were the foreseeable result of the previously described acts, omissions, policies or customs of the Defendant CITY OF MIAMI.

100.     As a further direct and proximate result of the Defendant CITY OF MIAMI'S deliberate indifference, Plaintiff POWERS suffered and continues to suffer physical injury, great pain of mind and body, emotional distress, embarrassment, mental anguish, cost of bond and attorney's fees, loss of capacity for the enjoyment of life, humiliation, and damage to his reputation.

101.     42 U.S.C. §1983 provides a remedy for a violation of these constitutional rights.

WHEREFORE, PLAINTIFF prays that this Court grant the following relief:

a)     Judgment against Defendant CITY OF MIAMI for compensatory damages in excess of fifteen thousand dollars ($15,000) dollars;

b)     Costs of suit;

c)     Trial by jury as to all issues so triable;

d)     Such other relief as this Honorable Court may deem just and appropriate.

September 10, 2019

_____
KENNETH SWARTZ
Counsel for PLAINTIFF BRUCE POWERS

22

SWARTZ LAW FIRM
14 NE 1st Ave Ste. 1211
Miami, FL 33132-2452
Telephone:  (305) 579-9090
ken@swartzlawyer.com

By: /s/ Kenneth Swartz
Florida Bar No. 331929

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION
CASE NO: 2018-006588-CA-01 (13)

Bruce Powers

Plaintiff(s),

vs.

City of Miami and
Alejandro Macias

Defendant(s),

AGREED ORDER
GRANTING/DENYING
PLAINTIFF'S/~~DEFENDANT'S~~
Motion to Amend Complaint

FILED FOR RECORD
2019 OCT -2 AM 10: 44
HARVEY RUVIN
CLERK DADE COUNTY CTS
MIAMI DADE CNTY. FLA
#136

THIS CAUSE having come on to be heard on Plaintiff's Motion To Amend Complaint
on Plaintiff's/Defendant's Motion

and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

Granted. Plaintiff's Amended Complaint is deemed operable as
of today's date of October 2, 2019. Defendant City of Miami
shall respond to Plaintiff's Amended Complaint within thirty (30)
days.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this_____

day of

_____, _____.

SIGNED AND DATED
OCT 0 2 2019

CIRCUIT COURT JUDGE

JUDGE ALEXANDER S. BOKOR

Copies furnished to: Counsel of Record

117_01-554   3/11

Douglas A. Harrison, Esq - for Def. City of Miami

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **CIVIL ACTION SUMMONS (b)**<br>Form for Personal Service on a Natural Person | 2018-006588-CA-01 |

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| BRUCE POWERS | CITY OF MIAMI AND<br>POLICE OFFICER ALEJANDRO MACIAS | |

**THE STATE OF FLORIDA:** TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br>ALEJANDRO MACIAS | Address: 3540 Rockerman Rd.<br>Miami, FL 33133 |
|---|---|

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff's/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

**MIAMI-DADE COUNTY COURT LOCATIONS**

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney<br>Swartz Law Firm, Ken Swartz<br>Florida Bar No. 331929 | Address: 14 N.E. 1st Avenue, Ste 1211, Miami, Fl 33132 | |
|---|---|---|
| **CLERK OF COURTS<br>HARVEY RUVIN** | DEPUTY CLERK | **DATE ON:** |

# AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☐ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☐ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS.  DEMANDADO(S) | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s): | A Demandado(s): |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) u un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo e entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia.

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICIO** |

| Demandante o Abogado del Demandante:<br><br>Número del Colegio de Abogados: | Dirección: | |
|---|---|---|
| **HARVEY RUVIN**<br>**Secretario del Tribunal del Condado** | COMO SECRETTARIO ADJUNTO | **FECHA** |

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda.   Por favor póngase  en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial  ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org  o Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☐ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO |
|---|---|---|
| **PLAINTE (S)** | **VS.   CONTRE ACCUSE(S)** | **HEURE IN** |
|  |  |  |

**L'TAT DE LA FLORIDE:** A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| A (AUX) ACCUSE(S): | A (AUX) ACCUSE(S): |
|---|---|

#### IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

#### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **UN SERVICE** |

| Plainte/Avocat du Plainte<br><br>Numero de barreau de la Floride: | Adresse : |  |
|---|---|---|
| **HARVEY RUVIN**<br>**Greffier de Tribunal** | | DATE: |
| | COMME GREFFIER ADJOINT | |

## ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE L' ADA

**"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

☐  NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA

☐  NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA

| DIVIZYON | KONVOKASYON POU KA SIVIL | NIMEWO KA |
|---|---|---|
| ☐ SIVIL | | |
| ☐ DISTRI | **(b) DELIVRE PERSONELMAN BAY YON MOUN** | |
| ☐ LÒT | | |

| PLENTIF (S) | VS.    KONT AKIZE(S) | LE |
|---|---|---|
| | | |

**ETA FLORIDA:** Pou Chak nan eta a yo odone ou pou bay akize a (yo), non l ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE: | ADRES:: |
|---|---|
| | |

ENPOTAN

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres  ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou mete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

ADRESSES DES TRIBUNAUX EN MIAMI-DADE

| | | | |
|---|---|---|---|
| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | UN SERVICE |

| Plainte/Avocat du Plainte | Nimewo manm avoka a. |
|---|---|
| Numero de barreau de la Floride: | Address: |

| **HARVEY RUVIN**<br>**Sekrete Jeneral Tribinal La** | | DATE: |
|---|---|---|
| | SEKRETE | |

## LWA 1990 POU AMERIKEN KI ENFIM
### ANONS POU AMERIKEN KI ENFIM

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suitè 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt  nan tribunal la, oubyen imedyatman  lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou  pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 2018-006588-CA-01

Plaintiff:
**BRUCE POWERS**

vs.

Defendant:
**CITY OF MIAMI AND POLICE OFFICER ALEJANDRO MACIAS,**

For:
Ken Swartz
Swartz Law Firm
14 Ne First Avenue
Suite 1211
Miami, FL 33132

Received by DLE Process Servers, Inc on the 8th day of October, 2019 at 10:37 am to be served on **Alejandro Macias, 3540 Rockerman Rd., Miami, FL 33133.**

I, Christopher Mas, do hereby affirm that on the **17th day of October, 2019** at **5:30 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **Summons and Amended Complaint** with the date and hour of service endorsed thereon by me, to: **Chantell Macias** as **Spouse And Co-Resident** at the address of: **3540 Rockerman Rd., Miami, FL 33133,** the within named person's usual place of **Abode,** who resides therein, who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Christopher Mas**
1623

**DLE Process Servers, Inc**
**936 Sw 1st Avenue**
**#261**
**Miami, FL 33130**
**(786) 220-9705**

Our Job Serial Number: DLE-2019040594

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

Filing # 96835411 E-Filed 10/07/2019 12:05:23 PM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL ACTION SUMMONS (b) | CASE NUMBER |
|---|---|---|
| ☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | Form for Personal Service on a Natural Person | 2018-006588-CA-01 |

| PLAINTIFF(S)<br><br>BRUCE POWERS | VS.   DEFENDANT(S)<br><br>CITY OF MIAMI AND<br>POLICE OFFICER ALEJANDRO MACIAS | CLOCK IN<br>Oct 17, 2018<br>5:30pm<br>Chantell Macius<br>C.M. # 1623 |

THE STATE OF FLORIDA: TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br><br>ALEJANDRO MACIAS | Address:   3540 Rockerman Rd.<br>Miami, FL 33133 |
|---|---|

<u>IMPORTANT</u>

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

MIAMI-DADE COUNTY COURT LOCATIONS

| ☐ **Dade County Courthouse** (06)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | SERVICE |

| Plaintiff/Plaintiff  Attorney<br>Swartz Law Firm, Ken Swartz<br>Florida Bar No.  331929 | Address:   14 N.E. 1st Avenue, Ste 1211, Miami, Fl 33132 | |
|---|---|---|
| CLERK OF COURTS<br>HARVEY RUVIN | *[seal]*<br>DEPUTY CLERK | DATE ON:<br><br>10/7/2019 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☐ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☐ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS.  DEMANDADO(S) | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado. Se le ordena que hagan entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s): | A Demandado(s): |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

| ☐ Dade County Courthouse (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ Joseph Caleb Center Court (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ North Dade Justice Center (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ Miami Beach District Court (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ Coral Gables District Court (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ South Dade Justice Center (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | SERVICIO |

| Demandante o Abogado del Demandante:<br><br>Número del Colegio de Abogados: | Dirección: | |
|---|---|---|
| **HARVEY RUVIN**<br>Secretario del Tribunal del Condado | COMO SECRETARIO ADJUNTO | FECHA |

### LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda.   Por favor póngase  en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial  ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org  or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.
☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☐ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO |
|---|---|---|
| PLAINTE (S) | VS.   CONTRE ACCUSE(S) | HEURE IN |

L'TAT DE LA FLORIDE: A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocopie de la plainte de ce document sur l'accuse (e) ci-desus.

| A (AUX) ACCUSE(S): | A (AUX) ACCUSE(S): |
|---|---|

### IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal, Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choississez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre response avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal et l'adresse des succursales sont dans ci-dessous pour votre convenance.

"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ **Dade County Courthouse** (00)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Miami Beach District Court** (24)
Room 200
1130 Washington Avenue
Miami Beach, FL 33139

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

| UN SERVICE |
|---|

| Plainte/Avocat du Plainte<br><br>Numero de barreau de la Floride: | Adresse : | |
|---|---|---|
| **HARVEY RUVIN**<br>**Greffier de Tribunal** | | DATE: |

COMME GREFFIER ADJOINT

### ACT DE 1990 POUR AMERICAINS HANDICAPES
### AVIS DE l' ADA

"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzieme Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

☐ NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA

☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA

| DIVIZYON<br>☐ SIVIL<br>☐ DISTRI<br>☐ LÒT | **KONVOKASYON POU KA SIVIL**<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | **NIMEWO KA** |
|---|---|---|
| PLENTIF (S) | VS.   KONT AKIZE(S) | LE |

**ETA FLORIDA:** Pou Chak nan eta a yo odone ou pou bay akize a (yo), non i ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.

| AKIZE: | ADRES:: |
|---|---|

## ENPOTAN

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres  ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou mete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa konen yon avoka, ou ka rele sevis ki rekomade avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste on mem tan poste on pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez.

"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Miami Beach District Court** (24)
Room 200
1130 Washington Avenue
Miami Beach, FL 33139

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

UN SERVICE

| Plainte/Avocat du Plainte | Nimewo manm avoka a: | |
|---|---|---|
| Numero de barreau de la Floride: | Address: | |
| **HARVEY RUVIN**<br>Sekrete Jeneral Tribinal La | | DATE: |
| | SEKRETE | |

## LWA 1990 POU AMERIKEN KI ENFIM
## ANONS POU AMERIKEN KI ENFIM

"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Alisan Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt  nan tribunal la, oubyen imedyatman  lè ou resewva notifikasyon sa a si ou gen mwens ke sèt (7) jou  pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen  pale, rele 711."